## 62005. CLINKSCALE v. THE STATE.

QUILLIAN, Chief Judge.

This is an appeal from a revocation of probation. On his plea of guilty to larceny of a truck, defendant was placed on three years probation without adjudication of guilt as a first offender in December 1978. In October 1980 his probation officer petitioned for adjudication of guilt and imposition of sentence alleging that defendant had violated probation by committing the offense of burglary. After hearing, the probation was revoked and defendant sentenced to one year. *Held:*

1. Defendant contends the trial court erred in admitting and considering evidence of tennis shoes taken from defendant.

The state's evidence of probation violation and defendant's motions to suppress the tennis shoes seized and to determine the admissibility of his confession were heard in the same hearing by agreement.

The state's evidence showed that law enforcement officers found and sketched a tennis shoe print found at the scene of a burglary of a business. The owner of the business gave defendant's name to the officers as a former employee who had been in trouble before as a possible suspect. While the officers were on the scene an employee informed them that defendant was riding a bicycle down the highway toward the business. The officers went out to the highway and saw defendant coming toward them. When defendant apparently saw the officers he turned his bicycle around and started back in the direction in which he had come. The officers went after defendant by automobile and stopped him. When the officers saw that he was wearing tennis shoes, they gave him the Miranda warnings and asked him to show them the sole of his shoe. Defendant

complied and the shoe tread was similar to the shoe print they had sketched at the scene of the burglary. Defendant was placed in the police car, his shoes were taken from him and he was transported to the sheriff's office where he admitted commission of the burglary.

In revoking the probation the trial court stated that it relied only on the evidence of defendant's fleeing from the officers and the officers' identification of defendant's shoe sole being similar to the shoe print. The court specifically stated that it did not consider the allegedly tainted evidence of the tennis shoes taken from defendant or his confession, and that it did not decide the admissibility of those matters.

Defendant argues that the evidence was insufficient to show that he voluntarily consented to the taking of his tennis shoes and that his arrest was illegal thereby tainting the seizure of his shoes.

We find no merit in these contentions. They are irrelevant since the evidence upon which the trial court based its finding specifically did not include the tennis shoes taken from defendant or any other evidence developed after the officers discovered that the shoes defendant had on were similar to the print they had discovered.

Moreover, there would have been no error even if the trial court had considered the allegedly tainted evidence. The investigatory stop of defendant was not an illegal arrest. It was authorized by Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), and its progeny. Because defendant had been identified as a possible suspect who had been in trouble with the burglarized business before, and because defendant appeared to flee from the police officers, there was sufficient articulable suspicion for the officers to temporarily detain defendant and question him.

" '[A]rticulable suspicion' is 'less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment.' [Cit.]" *Radowick v. State,* 145 Ga. App. 231 (1) (244 SE2d 346).

A Terry stop "is a brief stop, limited in time to that minimally necessary to investigate the allegation invoking suspicion, and limited in scope to identification, licensing of a driver and a vehicle if appropriate, a protective 'pat down' of the outer surface of clothing for weapons if the officer has reasonable apprehension that the person is armed or dangerous, and limited questioning reasonably related to the circumstances that justified the initiation of the momentary stop. [Cits.]" Id. at 237.

Although the trial court chose not to rule on the motions to exclude evidence the court stated it did not consider, we find that defendant's arrest without a warrant after his shoe sole was seen was lawful. At that point the officers had probable cause to believe

that defendant had committed the burglary. "The facts and circumstances were sufficient to show not only probable cause but also that there was likely to be a failure of justice for want of an officer to issue a warrant if an arrest were not made immediately. Hence, the arrest of the defendant without a warrant was lawful. See Code § 27-207; [Cits.]." *Elders v. State,* 149 Ga. App. 139 (1) (253 SE2d 817).

Since the arrest was legal, the seizure of the shoes and the confession were not tainted thereby and could also have been considered in revoking the probation.

2. The second enumeration is without merit.

3. The remaining two enumerations claim the evidence was insufficient to authorize revocation. Only slight evidence is required to authorize revocation. *Harper v. State,* 146 Ga. App. 337 (246 SE2d 391). We find that the evidence in this case meets that standard.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 20, 1981.

*James M. Skipper, Jr.,* for appellant.
*John R. Parks, District Attorney, L. Lyn O'Berry, Assistant District Attorney,* for appellee.