67451. ABRAM v. THE STATE.

</div>

SHULMAN, Presiding Judge.

Appellant was convicted of burglarizing a Macon bank. He now appeals, questioning the sufficiency of the evidence and the giving of a jury charge on the law of admissions. We affirm.

1. Two police officers in separate vehicles responded to the bank's silent alarm, which was triggered at 10:40 p.m. on December 26, 1982. The officers saw two black men wearing short sleeve shirts flee from the building, and they pursued the taller of the two suspects. One officer followed the path of the fleeing man while the other officer attempted to reach a parallel street to cut short the flight. The officer in direct pursuit lost sight of his quarry at one point, but unidentified citizens pointed out the way to him. The officer passed through a clump of bushes behind a fast food restaurant into a resi-

dential backyard where he found appellant bent over, trying to catch his breath. The other officer was on the street onto which the residence faced and, not seeing anyone who resembled the suspected burglar on the street, responded to his fellow officer's call that he had arrested a suspect.

After his Miranda rights were read to him, appellant stated that he had been jogging along the road onto which the house faced, and had stopped to catch his breath and to relieve his hot feet by removing his athletic socks. The officers testified that the road was 33 to 60 yards away from the place where they stopped appellant. A detective noticed that appellant had a fresh cut on his hand, and a crime lab chemist testified that the inside of one of the socks was stained with blood. Entry to the bank had been gained by breaking a pane of glass on which dried blood was found. Appellant's socks were examined and were found to contain particles of paint chips similar to the paint on the walls of the burglarized bank. The bank's interior walls near the vaults had been battered in an effort to get into the vaults. The chemist testified that there was no difference between the paint chips found in appellant's socks and the paint on the bank's walls.

Since the evidence against appellant was entirely circumstantial, "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused" before a conviction is warranted. OCGA § 24-4-6. However, " ' "[i]n order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." ' [Cit.] . . . 'The jury was authorized not to accept an alternate hypothesis offered by [appellant].' [Cit.]" *Fuller v. State*, 166 Ga. App. 734 (1) (305 SE2d 463). The evidence was sufficient for a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court's instruction to the jury on the law of admissions was authorized. " 'An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or of circumstances from which guilt *may* be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt.' [Cit.]" *Pendergrass v. State*, 245 Ga. 626 (1) (266 SE2d 225). In the case at bar, appellant's admission of ownership of the athletic socks was an acknowledgment of a fact from which guilt could be inferred since the socks were found to contain paint chips which were similar to the paint on the bank's interior walls. Thus, it was not error to instruct the jury on the law of admissions.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1984.

*Elizabeth B. Gibbs*, for appellant.
*Willis B. Sparks III, District Attorney*, for appellee.