## 72781. SHAW v. THE STATE.
### (348 SE2d 132)

BANKE, Chief Judge.

Shaw appeals from the denial of his motion for new trial following his conviction of burglary.

One of the victim's neighbors and the neighbor's girl friend observed a black male walking along the street at approximately 11:00 p.m. on the night of the burglary. Believing this activity to be suspicious, they reported it to the police, describing the person as wearing a dark hooded jacket, holding a white object in his hand, and carrying a television set.

Having been given that description, a police officer subsequently observed the appellant walking in the vicinity and stopped him for questioning. The appellant was wearing a white tee shirt at the time, but when the officer had first observed him moments earlier, he had been carrying a dark object over his arm. The officer allowed the appellant to proceed on his way after questioning him briefly and then

conducted a search of the immediate area in an effort to locate the "dark object." This search resulted in the discovery of a dark hooded sweater and a white, blood-stained sock concealed behind some bushes around the corner from where appellant had first been stopped. Based on this evidence, the officer again stopped appellant and this time examined his hand for lacerations that might account for the blood on the sock. Observing the presence of fresh cuts, the officer then placed appellant under arrest.

It was later determined that a window had been broken to gain entry to the victim's apartment. The victim's television set and a blood-stained towel were subsequently recovered in proximity to the burglarized apartment. Serology tests revealed the appellant's blood to be of the same type as that found on the sock and towel and the blood scrapings taken from the victim's home. *Held*:

1. Appellant contends that he was illegally arrested and that the evidence of the arrest was consequently unlawfully admitted.

The initial investigatory stop of appellant was clearly authorized by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), and its progeny. Appellant had been observed walking late at night in the vicinity of the burglarized apartment, carrying a dark object over his arm. Under the circumstances, the officer was justified in temporarily detaining appellant to determine his identity and question him about the object. Accord *Clinkscale v. State*, 158 Ga. App. 597 (1) (281 SE2d 341) (1981).

Later, having retrieved the sweater and the bloody sock, the officer was justified in again detaining the appellant and examining his hand for lacerations. Upon doing so, the officer acquired probable cause to arrest the appellant for the burglary, that is, "the facts and circumstances within the knowledge of the arresting officer[ ] . . . were sufficient to warrant a prudent man in believing that the accused had committed . . . an offense[ ]." *Durden v. State*, 250 Ga. 325, 326 (297 SE2d 237) (1982). It follows that the warrantless arrest of the appellant was authorized pursuant to OCGA § 17-4-20.

2. Appellant further contends that the state's forensic serologist was improperly allowed to testify to matters outside her area of expertise. Having analyzed appellant's blood, the blood found on the towel and sock, and the blood scrapings taken from the victim's home, the witness testified that all three were of the same international blood type. Also, she testified that enzyme studies had demonstrated that there were no inconsistencies between appellant's blood and the samples tested. Over objection, the witness was then allowed to testify that only 11.59 percent of the population had blood which would match that found on the incriminating items. She stated that this statistic was derived from examination of 3,000 samples entered into a computer data base.

This court's decision in *Graham v. State*, 168 Ga. App. 23 (308 SE2d 413) (1983), is dispositive of this issue. There, an expert witness was allowed to state the statistical or mathematical probability of finding certain enzymes in the blood of a given member of the population. We held that " '[t]he testimony complained of was clearly within the area of the witness' expertise, and the appellant's objection to it went to its weight rather than its admissibility.' [Cits.]" Id. at 23. Accordingly, it was not error to admit the serologist's testimony in the present case.

3. Appellant contends that the trial court erred in admitting into evidence a photograph depicting.him in the shirt he was wearing at the time of his arrest. The shirt was stained with a substance that appeared to be blood, but the state had never performed a serology test on the substance. On cross-examination, appellant testified that the shirt belonged to him and that he did not know how the stains had gotten there.

"It is well settled that all of the circumstances connected with an accused's arrest, including any items taken from his person, are admissible as evidence at trial . . . [Cits.]" *Reese v. State*, 145 Ga. App. 453 (4) (243 SE2d 650) (1978). Accordingly, it was not error to admit the stained shirt worn by appellant at the time of his arrest.

4. Appellant challenges the sufficiency of the evidence. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. However, "the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. [Cit.]" *Abram v. State*, 170 Ga. App. 15, 16 (316 SE2d 26) (1984). Viewed in a light most favorable to the verdict, the evidence in this case was sufficient for a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 16, 1986.

*Thomas F. Jarriel*, for appellant.
*Willis B. Sparks III, District Attorney, A. Graham Thorpe, Thomas J. Matthews, Assistant District Attorneys*, for appellee.