A90A1666. SAMS v. THE STATE.
(397 SE2d 751)

DEEN, Presiding Judge.

Melvin Sams was convicted of two counts of violation of the Georgia Controlled Substances Act (possession of cocaine with intent to distribute and possession of cocaine), and possession of drug-related objects. The two drug counts were merged by the trial court at sentencing. On appeal Sams asserts seven enumerations of error.

1. Appellant first asserts the general grounds as to the count alleging possession of cocaine with intent to distribute.

The evidence showed that officers of the Rome-Floyd Metro Task Force executed a search warrant at appellant's residence. Two women and appellant were present when the warrant was executed. When the officers entered the house, appellant ran from the living room to a bedroom and was apprehended when he walked out of a utility room which was connected with the bedroom. Suspected cocaine was found stuffed down a drainpipe in the utility room, and fresh blood was found on the rim of the drainpipe. The arresting officer inspected appellant's hand and found a bleeding cut on his right index finger.

During the search of appellant's home, the officers discovered white powder scattered around the living room and in a sock in the drainpipe, several boxes of baking soda, gram-ounce scales, two glass smoking pipes, and $1,191 in cash which was recovered from various locations in the house (a sock in the drainpipe, in a leather shoe, inside a cardboard tube, etc.). A set of Ohaus scales was seized from a pick-up truck parked in appellant's driveway. Although the truck was not registered in appellant's name and he disavowed any knowledge of it, one of the officers testified that he had seen appellant driving a truck of the same make, model, and color as the one in the driveway. One of the women who was arrested in appellant's house testified that she had been to the house twice earlier in the day and had purchased cocaine from appellant, and that she had arrived shortly before the officers to make a third purchase.

To support a conviction for possession of cocaine with intent to distribute, the State is required to prove more than mere possession. *Wright v. State*, 154 Ga. App. 400, 401 (268 SE2d 378) (1980), cert. denied 449 U. S. 900 (1980). In the instant case, the testimony of a woman, who was present in the house at the time the search warrant was executed, that she had made cocaine purchases from appellant earlier in the day and was present to make a third buy, when combined with other evidence (scales for weighing cocaine, drug paraphernalia, baking soda for cutting it, and a large amount of cash which consisted largely of $20 bills), authorized the jury to find the defendant guilty of possession of cocaine with intent to distribute despite the fact that the total amount of cocaine found on the premises totaled only two grams. *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989); *Houston v. State*, 180 Ga. App. 267, 268 (349 SE2d 228) (1986). On appeal, the evidence is construed to uphold the jury verdict, because the jury alone determines the credibility of the witnesses and the weight to be given to the testimony and other evidence. *Doe v. State*, supra; *Thomas v. State*, 175 Ga. App. 873, 874 (334 SE2d 903) (1985). A review of the evidence reveals that it was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *King v. State*, 178 Ga. App. 343, 344 (343 SE2d 401) (1986).

2. Appellant also contends that under the rule set forth in *Ridgeway v. State*, 187 Ga. App. 381, 382 (370 SE2d 216) (1988), the trial court erred in failing to give his charge that mere presence in the vicinity of contraband does not establish possession. An examination of the jury charge shows that the jury was charged the law as to permissible inferences it could make as to the ownership of the premises, possession and equal access, and the pertinent law on possession of contraband. These charges were taken directly from the Council of

Superior Court Judges, Suggested Pattern Jury Instructions, Vol. 2, Criminal, which relies upon *Knighton v. State*, 248 Ga. 199, 200 (282 SE2d 102) (1981); *Gee v. State*, 130 Ga. App. 634, 636 (204 SE2d 329) (1974); and *Lee v. State*, 126 Ga. App. 38 (189 SE2d 872) (1972), as authority for the charges. We find no error in the charge as given on these issues, and the trial court correctly refrained from giving appellant's requested charge on mere presence, as the evidence indicated that the defendant was the possessor of the searched premises.

3. Appellant's contention that the trial court erred in not granting his motion requesting the criminal histories and statements of all the witnesses, and in denying his motion to reveal the deal, is without merit.

As to the latter motion, the Assistant District Attorney who tried the cases stated that prior to trial she had informed defense counsel that no deals had been made between the State and any witness. No evidence was presented to the contrary. In fact, when a co-indictee was questioned as to any deals made with the prosecution for her testimony, she replied that none had been made.

Appellant relies upon *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), to support his position that the State should have been required to produce the criminal histories and statements of the State's witnesses. *Brady* does not place such an extensive burden upon the prosecution; it only requires the State to produce evidence favorable to the defendant. *Hicks v. State*, 232 Ga. 393, 394 (207 SE2d 30) (1974); *Callahan v. State*, 179 Ga. App. 556, 566 (347 SE2d 269) (1986).

4. Appellant further asserts as error the introduction into evidence of testimony that 19 grams of a white powdery substance were seized at his home, while only 2 grams were proved to be cocaine. He claims that he was prejudiced by the introduction of this evidence because the jury based its verdict on the possession with intent to distribute count on this testimony. We must disagree that this testimony was the basis for the jury verdict because there was testimony as to sales that appellant had made to one of the witnesses. Moreover, the expert witness from the State Crime Laboratory testified that he did not analyze all the material that was sent to him, but could testify only that four of the State's exhibits tested positive for cocaine. We find no error in admitting testimony that 19 grams of a white powdery substance were recovered from appellant's home.

5. It was not error for the lower court to deny appellant's motion for a mistrial based on the State's request for an attachment for a non-appearing witness. The State made a showing of its attempt to secure the witness' attendance in order to have the trial judge sign an attachment so that the absent witness could later be found to be in contempt of court for failure to respond to the State's subpoena.

"[A]n officer of the court may make a statement *in his place* which is taken to be prima facie true unless verification of such statement is required by the opposing party at the time the statement is made. [Cits.]" *Harbin v. State*, 165 Ga. App. 631, 633 (302 SE2d 386) (1983). Appellant did not object to the veracity of the statement, and the motion for a mistrial was properly denied.

6. As appellant opened the door for the admission of testimony about surveillance of his residence, we find no merit in his seventh enumeration. He testified that the Task Force had used one of the witnesses arrested in his home to "set me up." On cross-examination he testified that the Task Force had constantly been riding up and down the street in front of his house. To rebut appellant's claim of being set up, the State called a Task Force investigator as a rebuttal witness. He testified that the Task Force did not have concentrated surveillance on the accused's home prior to September 1, 1989, but during the week before his arrest it had spent one day watching Sams' home. On cross-examination, the officer was asked about other arrests in the area prior to September 1, 1989, and where they occurred. The investigator then testified as to the arrest of four persons who had left appellant's residence, where a transaction had been observed. The investigator was asked to describe the pre-September 1 surveillance in detail on redirect. The motion for a mistrial was then made by defense counsel. The door was clearly opened to this testimony and the trial court properly denied the objection.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 9, 1990.

*S. David Smith, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.