A90A1391. ANTHONY v. THE STATE.
(398 SE2d 580)

POPE, Judge.

Defendant Gary Anthony appeals his conviction for possession of cocaine with intent to distribute. We affirm.

1. Defendant first argues the trial court erred in denying his motion to suppress evidence of 6.7 grams of cocaine found on defendant's person when he was arrested on the ground the officer had insufficient cause to arrest him. The record shows defendant was arrested because he scuffled with the police officer when the officer sought to frisk him during an investigatory stop. Once defendant was properly under arrest the search of defendant's person, made incident to the arrest, was not in any way improper.

The initial investigatory stop of the defendant was also not illegal under the circumstances. At the suppression hearing the arresting officer testified he had been gathering information for several weeks

about a brown pick-up truck which, according to informants, was being used to transport drugs from one end of Sells Street in Atlanta to the other end. On the day of defendant's arrest an informant, who had proven reliable because his information had resulted in three to four arrests, identified the truck and its driver to the officer. About an hour and a half later the officer saw the truck driving down Sells Street. He pulled the truck over for the purpose of questioning the driver and investigating the suspicions that were based on the informant's statements. As defendant got out of the truck and walked toward the officer he reached into his back pocket to retrieve his driver's license and as he moved the officer observed a paper bag sticking out of the waist of defendant's pants as well as a bulge in his pants. The officer had been informed that the driver of the truck which delivered drugs was heavily armed and the officer attempted to pat-down defendant as a safety precaution before examining the driver's license or otherwise conducting his investigation. It was during the pat-down that defendant commenced to struggle with and resist the officer, who then placed defendant under arrest. The investigatory stop of the defendant was not illegal because it was based on specific and articulable facts which raised a reasonable ground for suspicion. "The investigatory stop of the defendant was not an illegal arrest. It was authorized by Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) [(1968)], and its progeny. Because defendant had been identified as a possible suspect [in the distribution of illegal drugs] there was sufficient articulable suspicion for the [officer] to temporarily detain defendant and question him." Clinkscale v. State, 158 Ga. App. 597, 598 (281 SE2d 341) (1981). The subsequent arrest and search were proper because they were made only after reason for the arrest arose during the legal investigative stop. See Evans v. State, 162 Ga. App. 78 (290 SE2d 176) (1982); Stiggers v. State, 151 Ga. App. 546 (260 SE2d 413) (1979). The trial court did not err in denying defendant's motion to suppress evidence.

2. Neither did the trial court err in denying defendant's motions for mistrial brought on the ground the state impermissibly placed defendant's character in evidence. When explaining why he attempted to pat down the defendant before proceeding with his investigation, the officer testified he saw the bulge in defendant's pants and was concerned about weapons because he "had been advised when [defendant] moves the narcotics, goes for the Miami Boys, . . . there [are] usually always weapons, automatic or semi-automatic." We disagree that the mention of defendant's involvement with the "Miami Boys" improperly placed his character into evidence because the testimony did no more than associate defendant with the very crime for which he was charged.

During cross-examination defendant's attorney repeatedly asked

·the officer whether he was looking for anyone else involved in drug activity on the day defendant was arrested. After answering at least twice that while he was on patrol he was looking for anyone involved in illegal activity, he finally responded: "I was looking for individuals that were in part of a gang down in the other end familiar with the Miami Boys." This testimony did not require the grant of mistrial because it did not in any way address the issue of defendant's character and, moreover, it was made in direct response to defendant's question and was not, as defendant argues, unresponsive to his question.

3. Defendant argues the mandatory life sentence imposed by OCGA § 16-13-30 (d), for a second or subsequent conviction for possession of a controlled substance with intent to distribute, is unconstitutional as cruel or unusual punishment. While this is an enumeration of error over which the Georgia Supreme Court has exclusive jurisdiction, we need not transfer the appeal for lack of jurisdiction because defendant did not raise this constitutional issue at trial and therefore forfeited his right to raise the issue on appeal. *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1990.

*Leigh B. Finlayson, Mary E. Erickson*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Carl P. Greenberg, Assistant District Attorneys*, for appellee.