A97A0797. LESTER v. THE STATE.
A97A0798. PALMER v. THE STATE.
(487 SE2d 25)

RUFFIN, Judge.

A jury found Charles Lester, Jr. and Clarence Jermaine Palmer guilty of possession of cocaine with intent to distribute. Palmer was also found guilty of selling cocaine. In Case No. A97A0797, Lester contends that his conviction should be reversed based on the general grounds and the trial court's denial of his motion to suppress. In Case No. A97A0798, Palmer contends that his conviction should be reversed based on the general grounds. Finding no merit to either defendant's contentions, we affirm.

Construed in a light most favorable to support the verdict, the record shows the following. Using a confidential informant, the Marietta Police Crime Interdiction Unit conducted a controlled buy at a house on Birney Street. Officers met the informant within walking distance from the house, confirmed that he did not have money or drugs in his possession, and gave him some money after recording the serial numbers from the currency. The officers maintained visual contact with the informant as he approached the house and saw that he did not stop or speak to anyone while en route.

The informant knocked on the door, but no one responded. As the informant was about to leave, a blue Chevette pulled into the driveway. Palmer and his co-defendant, Charles Lester, exited the passenger side, and a third male exited the driver's side. The informant and the three men then entered the house. Officers observed Palmer and Lester speaking with the informant. Following their conversation, the informant left the house and gave the officers a small blue-tinted ziplock baggie containing cocaine. The informant no longer had the money which he previously had been furnished.

Approximately 30 minutes later, while waiting for a warrant to search the house, Officer Kelker saw Palmer, Lester, and the third male leave the house in the blue Chevette. He radioed Officer Craig

Fowler, and Officer Fowler stopped the vehicle a few blocks from the house. Officer Fowler exited his police car and saw what he characterized as an "extremely large amount of movement" in the car. According to the officers, Palmer, who was seated in the right rear passenger seat, and Lester, who was seated in the front passenger seat, were moving their hands below their waists.

Fearful that the two men were reaching for weapons, Officer Fowler and Officer Shaddix drew their weapons and ordered the car's occupants to raise their hands. Lester initially disregarded the officers' command, dropping his left hand out of the officers' view before complying. Palmer also disregarded the officers' command, placing his hands up, dropping them between his legs, and then alternating raising each hand. As the officers approached the vehicle, they observed Palmer's hand and fingers underneath the seat and saw the edge of a plastic bag when Palmer pulled his fingers out from under the seat. Two small blue-tinted ziplock baggies containing cocaine were inside the plastic bag. Officer Shaddix testified at trial that the small baggies were the type commonly used in the packaging and selling of cocaine.

Officer Shaddix found a work glove between the front passenger bucket seat and a center console, where Lester had dropped his left hand. It contained a sandwich bag with two small blue-tinted ziplock baggies and one small clear ziplock baggie inside. Another small blue-tinted ziplock baggie was stuffed further down in the glove. The baggies contained cocaine and benzocaine, a cutting agent. Officer Shaddix also seized $198, including the money which the police had given the informant, from Lester's pocket.

According to the record, the driver of the car was Tracy Williams and the left rear passenger was a juvenile. The record is clear that both Williams and the juvenile immediately raised their hands when the police ordered them to do so, and no contraband was found on or in the vicinity of the juvenile. A small amount of marijuana was taken from Williams.

Palmer admitted stuffing the plastic bag under the seat, but claimed the bag did not belong to him. He also testified that he did not see or hear anyone come to the door shortly before he left the Birney Street house.

Ephram Jones, who testified on behalf of Palmer, claimed that he was at the Birney Street house when Palmer and Lester left with the other individuals. According to Jones, Marlin McHenry lived in and sold cocaine from the house. Jones testified that shortly before Palmer and Lester left, an individual knocked on the door and wanted to purchase cocaine, but was turned away. Jones also testified that Williams was carrying "a little glove or something" when he left the house.

Eric Neal, who testified on behalf of Lester, identified himself as the left rear passenger. He claimed he was with Palmer and Lester at the house and that no one came to the house or knocked on the door shortly before they left. He further testified that he did not see Lester with a glove and that he did not see Palmer stuff the plastic bag under the seat.

*Case No. A97A0797*

1. In his first enumeration of error, Lester contends the trial court erred in denying his motion to suppress on the grounds that "the stop, search and seizure of [Lester] violated [his] Fourth Amendment rights to unreasonable searches and seizures and was without probable cause." We disagree.

"A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. [Cit.]" *Hobdy v. State*, 222 Ga. App. 625, 626 (475 SE2d 686) (1996). This Court must construe the evidence most favorably to upholding the trial court's judgment in this regard. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

So viewing the evidence, including that introduced at trial (*State v. Brodie*, 216 Ga. App. 198, 199 (1) (c) (453 SE2d 786) (1995)), it was established that officers of the Marietta Police Department received information from an informant that Lester and Palmer were selling drugs from a house on Birney Street. The informant had previously given reliable information in at least 15 cases and stated that Lester and Palmer maintained the drugs they sold on their person. Based on this information, a controlled buy of cocaine by the informant was arranged.

The officers saw Lester and Palmer enter the house with the informant, saw the three individuals conversing inside the house, and then saw the informant exit the house in possession of cocaine. Shortly thereafter, Lester, Palmer and a third male exited the house and left in the blue Chevette in which they had arrived. Officer Craig Fowler then stopped the vehicle.

"Based on the information received from the [informant, as well as the observations of the officers], the officer had 'specific and articulable facts' which reasonably warranted a brief stop of the vehicle. [Cit.]" *Jones v. State*, 195 Ga. App. 868, 869 (2) (395 SE2d 69) (1990); *Anthony v. State*, 197 Ga. App. 297, 298 (1) (398 SE2d 580) (1990). " 'Because [Lester] had been identified as a possible suspect (in the distribution of illegal drugs) there was sufficient articulable suspicion for the (officer) to temporarily detain [him] and question him.' [Cit.] The subsequent arrest and search were proper because

they were made only after reason for the arrest arose during the legal investigative stop. [Cits.]" Id.

"Generally, probable cause is determined by the 'totality of the circumstances' surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. [Cit.] . . . When coupled with corroboration by the personal observation of a police officer, a reliable informant's tip is sufficient to establish probable cause for a warrantless search. [Cit.]" *McKinney v. State*, 184 Ga. App. 607, 608-609 (1) (362 SE2d 65) (1987). In the present case, the officers had sufficient articulable facts to make an investigatory stop of the vehicle in which Lester was a passenger. Thereafter, grounds for a warrantless search arose during the investigative stop.

The trial court did not err in denying Lester's motion to suppress.

2. Lester further contends that the trial court erred in denying his motion for a directed verdict of acquittal and motion for a new trial based on the insufficiency of the evidence. We disagree.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Lester] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citations and punctuation omitted.) *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993). "The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. [Cit.]" *Cody v. State*, 222 Ga. App. 468, 470 (1) (474 SE2d 669) (1996). Moreover, "the test established [in *Jackson*] is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

While it is true that a defendant may not be found guilty of possession based solely on his spatial proximity to contraband, the evidence in the present case established that Lester was observed reaching his hand where a portion of the cocaine was located. This evidence was sufficient to authorize the finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, supra; *Hicks v. State*, 195 Ga. App. 887, 888 (1) (395 SE2d 341) (1990).

Moreover, Lester's intent to distribute was evidenced by the earlier sale of cocaine in similar packaging, by his possession of a large sum of cash, including the bills from the earlier sale, by his possession of a cutting agent, and by testimony establishing that the

cocaine was packaged for distribution. See *Sams v. State*, 197 Ga. App. 201 (1) (397 SE2d 751) (1990). A review of the evidence reveals that it was sufficient for a rational trier of fact to find Lester guilty beyond a reasonable doubt of possession with intent to distribute. Id. Lester's argument that the trial court erred in denying his motion for a directed verdict and motion for a new trial is without merit.

### Case No. A97A0798

The trial court did not err in denying Palmer's motion for a directed verdict of acquittal and motion for new trial based on the evidence presented.

3. Palmer argues that the evidence was insufficient regarding the possession with intent to distribute charge because Officer Fowler was the only officer who actually saw Palmer's fingers in contact with the plastic bag containing cocaine. However, "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8; *Mooney v. State*, 221 Ga. App. 420, 423 (1) (471 SE2d 904) (1996) (physical precedent only). Officer Fowler's testimony that he saw Palmer's hands on the plastic bag containing cocaine was sufficient to authorize a rational trier of fact to find that Palmer possessed the cocaine found under his seat. Moreover, Palmer actually admitted that he stuffed the bag containing cocaine under his seat.

Palmer's reliance on the equal access rule is misplaced. " 'The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had recently been used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. (Cit.)' [Cit.]" *Bowen v. State*, 203 Ga. App. 371 (1), 372 (417 SE2d 18) (1992). Because the State did not rely on a presumption to prove Palmer's possession of the cocaine, but presented direct evidence of such, the equal access rule was not triggered. Id.

Moreover, even if the equal access rule was triggered, it would not bar Palmer's conviction. "[M]erely finding contraband in a car occupied by [Palmer] is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than [Palmer] had equal opportunity to commit the crime. . . . However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury." (Citations and punctuation omitted.) *Griggs v. State*, 198 Ga. App. 522, 523 (402 SE2d 118) (1991). In the present case, the State presented evidence that Palmer was observed with his hand and fingers on the plastic bag containing the small blue-tinted ziplock bag-

gies underneath his seat. Although Palmer denied that the bag was his, it was for the jury to weigh Palmer's argument concerning why he placed the plastic bag under his seat and to determine Palmer's guilt or innocence.

Palmer further contends that the evidence was insufficient to support his conviction for possession with intent to distribute because of the nominal amount of cocaine actually possessed by him. While it is true that to support a conviction for possession of cocaine with intent to distribute the State must prove more than mere possession (*Sams*, supra), we find no merit in Palmer's contention that he possessed only a nominal amount of cocaine. The testimony of the officers regarding Palmer's conversation with the informant, as well as Palmer's actions when the Chevette was pulled over, authorized the jury to find Palmer guilty of possession of cocaine with intent to distribute, despite the fact that the total amount of cocaine found under Palmer's seat may have been nominal. Id. The jury was further authorized to conclude that Palmer was in joint constructive possession of the cocaine found next to Lester. See *Blaise v. State*, 185 Ga. App. 653 (1) (365 SE2d 499) (1988).

Moreover, the evidence shows that the cocaine under Palmer's seat was divided into two small ziplock baggies, and the cocaine located next to Lester was divided into four small ziplock baggies. "This manner of packaging being commonly associated with the sale or distribution of such contraband would authorize any rational trier of fact to infer that [Palmer] possessed cocaine with intent to distribute. [Cit.]" *Williams v. State*, 199 Ga. App. 544, 545 (1) (405 SE2d 539) (1991). See also *Sims v. State*, 213 Ga. App. 151, 153 (3) (444 SE2d 121) (1994). This inference is further supported by the evidence establishing Palmer's participation in the sale of similarly packaged cocaine to the informant.

Viewing the evidence in the light most favorable to uphold the jury's verdict, we find the evidence sufficient to authorize a rational trier of fact to find Palmer guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, supra; *Curtis*, supra. Palmer's argument that the trial court erred in denying his motion for a directed verdict and motion for a new trial is without merit.

4. Palmer further argues that the evidence was insufficient with regard to the sale of cocaine charge. We disagree.

Although there was conflicting evidence presented by Palmer regarding his involvement with the cocaine, " '(i)t is the function of the jury, not the appellate court, to resolve conflicts in the testimony and determine the credibility of the witnesses. (Cits.)' [Cit.]" *Vick v. State*, 211 Ga. App. 735, 736 (1) (440 SE2d 508) (1994). The record shows that Officer Kelker saw Palmer and the informant conversing

during the time the sale was taking place, and Palmer's participation in the sale was corroborated by proof of his possession of similarly packaged cocaine shortly thereafter. See *Hammond v. State*, 212 Ga. App. 145 (1) (441 SE2d 675) (1994); *Winkfield v. State*, 186 Ga. App. 396, 397 (1) (367 SE2d 283) (1988). The foregoing evidence, construed in a light most favorable to support the verdict, was sufficient to authorize a rational trier of fact to find Palmer guilty beyond a reasonable doubt of the sale of cocaine. *Jackson v. Virginia*, supra; *Owens v. State*, 213 Ga. App. 693, 694 (5) (445 SE2d 818) (1994). Palmer's argument that the trial court erred in denying his motion for a directed verdict and motion for a new trial on this ground is without merit.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MAY 6, 1997.

 Before Judge White.
*John R. Greco*, for appellant (case no. A97A0797).
*Roger L. Curry*, for appellant (case no. A97A0798).
*Thomas J. Charron, District Attorney, Bruce D. Hornbuckle, Debra H. Bernes, Assistant District Attorneys*, for appellee.