## A98A1642. CEASAR v. THE STATE.
### (503 SE2d 314)

BLACKBURN, Judge.

Patrick Antonio Ceasar appeals his conviction for armed robbery, following a jury trial, based on the insufficiency of the evidence. Ceasar also contends that the trial court erroneously prevented him from cross-examining an officer about the composition of a photo lineup. For the reasons set forth below, we affirm.

1. In his first enumeration of error, Ceasar argues that the evidence adduced at trial was insufficient to support the verdict against him. We disagree.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Ceasar] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. . . . The standard for reviewing [an appeal based on insufficiency of the evidence] is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." (Punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in this light, the evidence shows that Kim Benson, a co-defendant, entered the lobby of the Shoney's Inn in Stockbridge, Georgia, shortly after 11:00 p.m. on December 26, 1994. Benson approached the clerk on duty, Jeffrey Dewberry, and inquired about

renting a hotel room. Dewberry then gave Benson a guest registration card to fill out. A few minutes later, Ceasar entered the lobby and began talking with Benson about renting a room. Benson then told Ceasar that he had left his wallet in his car, Ceasar left and returned, stating that he could not find the wallet, and then the two men momentarily left the lobby together. When they returned, Benson showed Dewberry a gun that he was carrying. While Ceasar served as a lookout at the front door, Benson forced Dewberry to turn over money from the hotel registration desk and lockbox. Both Dewberry and Deborah Brown picked Ceasar's picture out of a photo lineup. Benson's fingerprints were later identified on the registration card at the Georgia crime laboratory.

At trial, Dewberry positively identified both Benson and Ceasar as the robbers, and he described Ceasar's appearance on the night of the robbery as a "black male, clean cut. He was 6'2", 6'3", had on a long jacket, like a raincoat, like a London Fog."

Deborah Brown, whom Dewberry had relieved that evening as desk clerk, testified that Ceasar approached her that evening on his way to the hotel lobby. Prior to trial, Brown picked Ceasar's picture out of a photo lineup. At trial, Brown also positively identified Ceasar, and she described Ceasar's appearance on the night of the robbery as a clean-cut, light-skinned black male wearing blue jeans, tennis shoes, and a tan trench coat. Brown further testified that, as she was getting ready to leave the property, she saw Ceasar exit the lobby, walk up to a certain car, merely touch the door handle, and then return to the lobby.

The foregoing testimony clearly placed Ceasar at the scene of the crime, and he was positively identified as one of the robbers. Accordingly, there was ample evidence to support the verdict against Ceasar under the standard of *Jackson v. Virginia*, supra.

2. In his second enumeration of error, Ceasar contends that the trial court erroneously prevented him from asking Detective Mark Fussell for his opinion about how many photographs of light-skinned black males were included in the photo lineups prepared by Fussell. Ceasar contends that the purpose of the question was to show that the lineup was overly suggestive because it contained fewer light-skinned individuals than dark-skinned ones. It is unnecessary to address this issue as there was no harmful error because both photo lineups from which Ceasar was identified were admitted into evidence. From the lineups, the members of the jury, themselves, could determine how many participants were light-skinned.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JUNE 22, 1998.

*William D. Patten, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.