A99A0814. BURRIE v. THE STATE.
(516 SE2d 842)

BLACKBURN, Presiding Judge.

Donald Lee Burrie appeals his conviction, following a jury trial, for driving under the influence of alcohol, contending that the trial court erred in denying his motion for a directed verdict of acquittal and that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Burrie] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

The record shows that Officer Michael Long was dispatched to the scene of a single-car accident on September 25, 1997. When Officer Long arrived, he found Burrie and two other people standing

around the car which had been driven into a ditch. Officer Long immediately asked who had been driving the car, and Burrie replied that he had been driving. As Officer Long approached Burrie, he detected the strong smell of an alcoholic beverage on Burrie's breath. Burrie was also mumbling and unsteady on his feet, and he failed two field sobriety tests. Officer Long then arrested Burrie, and Burrie refused to submit to a breath test. This evidence was ample to support the jury's verdict against Burrie, and accordingly, the trial court did not err in denying his motion for directed verdict.

Burrie spuriously argues that, although he told Officer Long at the scene that he had been driving the car, there was no testimony or evidence that he had been driving the car *at the time of the accident.* In other words, Burrie contends that his answer could have referred to some point in time remote from the date of the accident. The trial court and the jury properly rejected this argument, and based on the evidence of record, we affirm.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 28, 1999.

*Fletcher W. Griffin III,* for appellant.
*N. Stanley Gunter, District Attorney, William J. Langley, Assistant District Attorney,* for appellee.