## A04A0706. CRAWFORD v. THE STATE.
### (593 SE2d 915)

BLACKBURN, Presiding Judge.

Following a jury trial, Charles Crawford appeals his conviction for armed robbery and possession of a firearm during the commission of a felony, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Crawford] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*,[1] the evidence was sufficient for a rational trier of

---

[5] See *Willis*, supra at 350-351.
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State.*[2]

Viewed in this light, the record shows that, on December 22, 2001, Jerome Hudson walked to his grandmother's house, where his grandmother gave him a Christmas card and an amount of money as a present. As Hudson walked back home, Crawford, whom Hudson recognized as a classmate at his high school, approached from behind, pulled a shotgun, and demanded Hudson's Christmas money. Hudson positively identified Crawford as his assailant during trial.

In addition to this testimony, the State presented similar transaction evidence that Crawford robbed Jarelle Patterson on January 9, 2002. Patterson testified that a young African-American male walked up behind him, pointed a shotgun at him, and robbed him of his tennis shoes and his cell phone. Christopher Jeter, who was with Patterson at the time that he was robbed, recognized Crawford as the robber. Jeter testified that he and Crawford had been classmates since elementary school, and he positively identified Crawford as the assailant during trial. Crawford subsequently pled guilty to the robbery of Patterson.

This evidence was sufficient to support the verdict against Crawford. And, although Crawford now tries to point to inconsistencies in the transcript and questions the veracity of the witnesses against him, this result does not change. The jury is the sole arbiter of credibility, not this Court. *Lester*, supra.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED FEBRUARY 2, 2004.

*Darden, Burns & Burns, Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney*, for appellee.

---

[2] *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).