S92A0267. ROKER v. THE STATE.
S92A0319. JACKSON v. THE STATE.
S92A0346. HUDSON v. THE STATE.
(416 SE2d 281)

BENHAM, Justice.

Appellants were jointly indicted, tried, and convicted of malice murder and two counts of aggravated assault.[1] Finding no reversible error, we affirm the convictions.

1. All three appellants contend that the evidence adduced at trial was insufficient to warrant their convictions. Carter, an eyewitness, testified that when he saw appellants arrive at a basketball court where the victim was playing basketball, he warned the victim of their presence, then left the basketball court area but continued to observe from nearby. He testified that Hudson and Jackson went to opposite ends of the court and stood there until Roker, seated on a

---

[1] The offenses were committed on July 31, 1990. Appellants were indicted on November 16, 1990, and were found guilty in a jury verdict which was returned on January 22, 1991. The verdict and the sentences, which were pronounced on the same day, were filed for record on January 24, 1991. Appellants' motions for new trial (Roker's was filed on February 21, 1991, Jackson's on January 28, and Hudson's on February 18) were denied on August 27, 1991. Roker's notice of appeal was filed on September 11, 1991, followed on September 24 by Jackson's and September 26 by Hudson's. The appeals were docketed on November 25, December 11, and December 18, 1991, respectively. Roker's appeal was argued on February 21, 1992, and the other two were submitted without argument on January 24 and 31, 1992, respectively.

bleacher, gave a signal. At the signal, Hudson and Jackson approached the victim, Jackson shooting the victim several times in the back and Hudson shooting him in the head as he lay wounded on the ground.[2] Two other basketball players were wounded during the shooting. The State also produced evidence that appellants and two other persons shot to death another of Carter's associates less than one month after the murder for which they were convicted in this case. Shell casings recovered from the sites of both shootings were from the same 9mm Glock pistol. Although appellants put on evidence contradicting that of the State and discrediting Carter's testimony, the credibility of witnesses is a question for the jury (*Moore v. State*, 255 Ga. 148 (335 SE2d 868) (1985)), and the evidence adduced by the State, which obviously was believed by the jurors, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellants were guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The admission into evidence of testimony concerning the subsequent shooting of another associate of Carter is also enumerated as error by all three appellants. The State produced evidence that appellants were involved in both shootings, that the crimes occurred in nearby areas of Atlanta, that at least one gun was used in both shootings, and that both shootings were associated with rivalry in the illicit drug trade. Those connections were sufficient to authorize admission of evidence of the second shooting as a similar transaction. See *Kemp v. State*, 261 Ga. 804 (2) (411 SE2d 711) (1992).

3. During voir dire, Roker objected to the peremptory excusal of a black member of the venire, contending that the strike was racially discriminatory in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Our review of the record established at trial and on motion for new trial persuades us that the prosecution proffered a sufficiently race-neutral explanation for the strike. Accordingly, we find no error in the trial court's rejection of Roker's *Batson* claim.

4. During its charge to the jury, the trial court three times used the phrase, "guilt or innocence."[3] Roker now contends that the use of the phrase shifted the burden of proof to the defense by suggesting that the defendant had to prove his innocence. Our review of the charges in question, two of which appear in the Suggested Pattern

---

[2] The weapons used were an otherwise unidentified .45 cal. pistol and a 9mm Glock pistol.

[3] The trial court charged that it did not express any opinion "of the defendants' guilt or innocence," that the jury "must consider independently the guilt or innocence of each defendant," and that the jury was to be "only concerned with the guilt or innocence of the defendants" and not with punishment.

Jury Instructions, does not reveal the infirmity Roker ascribes to them.

> " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. . . .' A complete review of the court's charge in [this] case . . . reveals that neither this isolated charge nor the charge as a whole, shifted the burden of proof on any issue to the defendant. Throughout the charge, the judge pointed out the burden of proof always rests on the State. We find no error." [*Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177) (1987).]

5. Roker contends that he was denied his right to counsel under the Sixth Amendment to the United States Constitution and concomitant provisions of the Constitution of Georgia because his trial counsel was absent during a critical portion of the proceeding. Near the end of a pre-trial motion hearing, Roker's trial counsel requested permission to leave. The trial court granted the permission with the proviso that the court would continue with its instructions to the prosecution regarding which portions of the State's files should be copied and provided in response to defense motions. The subsequent proceedings continued for ten minutes, during which, contrary to appellate counsel's assertion in Roker's brief, there was no argument of counsel regarding whether certain material should be disclosed. All that transpired during counsel's brief absence was the trial court's explanation of why certain material was not exculpatory as to any of the defendants and the trial court's direction to the prosecution.

We find this issue to be controlled by the principles applied in *Millwood v. State*, 166 Ga. App. 292 (7) (304 SE2d 103) (1983). There, counsel was voluntarily absent during a short recharge to the jury, and the Court of Appeals determined from the brevity of the absence and the lack of harm that Millwood was not denied his Sixth Amendment rights. Here, the absence of counsel was voluntary and brief, there has been no suggestion that there was any error in the trial court's direction to the prosecution with regard to discovery, and Roker has not pointed out any harm which might have resulted from the absence. There was no denial of his right to counsel.

6. Jackson objected at trial to the admission into evidence of two firearms, and contends on appeal that the trial court committed reversible error in admitting the weapons into evidence. One of the guns was an automatic weapon found on the floor next to the door of the bedroom closet in which Jackson was found hiding by the arresting officers. That weapon was properly admitted to show the circumstance of the arrest. *Bixby v. State*, 234 Ga. 812 (1) (218 SE2d 609)

(1975). The other weapon was a semi-automatic rifle which was recovered from the home of the girl friend of Roker's brother. Her testimony, although internally inconsistent, would authorize a finding that all three appellants, at various times, brought weapons to store in her home and that the particular weapon involved was one brought by one of the appellants. The trial court admitted it to show the propensity of the appellants to possess weapons. Considering that the weapon was recovered on the day after the shooting and was connected to Jackson and the other appellants, it was properly admitted to show how heavily armed the appellants were during the period of time surrounding the shooting and to illustrate their state of mind. *Wallace v. State,* 248 Ga. 255 (6) (282 SE2d 325) (1981). We find no error, therefore, in the admission of the two weapons.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 21, 1992.

*Bruce S. Harvey,* for appellant (case no. S92A0267).
*Carla J. Friend,* for appellant (case no. S92A0319).
*A. Nevell Owens,* for appellant (case no. S92A0346).
*Lewis R. Slaton, District Attorney, Grover W. Hudgins, Rebecca A. Keel, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Peggy R. Katz, Staff Attorneys,* for appellee.