A97A2499. SMITH v. THE STATE.
(494 SE2d 371)

BLACKBURN, Judge.

Roy M. Smith appeals his conviction for the sale of cocaine, contending that the evidence against him was insufficient as a matter of law to support the verdict. For the reasons discussed below, we affirm the conviction.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Smith] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. . . . The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test

for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

On February 16, 1996, Investigator Diana Freeman of the Multi-Agency Crack Enforcement Drug Task Force and a confidential informant paged Smith to meet them in the parking lot of a convenience store so that they could purchase drugs. Smith responded to this request, driving a white Cadillac with white curtains on the side windows. Freeman entered the Cadillac and purchased crack cocaine from Smith. The transaction was videotaped by a body camera which Freeman was wearing.

Freeman positively identified Smith as the individual who sold crack to her. Deputy Chuck Woodall, who has known Smith since 1994, taped the drug transaction as it took place with a video camera from his undercover vehicle, and he also identified Smith. Investigator Jim Gray and Investigator Al Cato conducted surveillance during the drug transaction, watching it as it took place on a monitor which picked up the signal from the body camera which Freeman was wearing. Both of them identified Smith as well. In addition, the pager responding to the number called by the confidential informant was found on Smith when he was arrested for the crime, and Smith admitted that he owned the white Cadillac. Under these circumstances, the evidence that Smith committed the crime of which he was charged was not only sufficient, but overwhelming. Finally, although Smith claims that his missing cousin who looks like him was the individual who sold cocaine to Freeman, the jury was clearly authorized to disbelieve him. *Roker v. State*, 262 Ga. 220, 221 (1) (416 SE2d 281) (1992).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 26, 1997.

*Merritt & Rose, Chestley N. Merritt*, for appellant.
*Dupont K. Cheney, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.