A98A0028. CYRUS v. THE STATE.
(498 SE2d 554)

BLACKBURN, Judge.

Jordan Marcell Cyrus appeals his convictions on two counts of aggravated assault, contending that the evidence was insufficient to support the convictions and that certain testimony regarding gang culture was improperly admitted into evidence. For the reasons set forth below, we affirm Cyrus' convictions.

1. In his first enumeration of error, Cyrus contends that the evidence was insufficient to support his conviction. We disagree.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Cyrus] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. . . . The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* [*v. Virginia*] is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Cyrus, a member of the Folks Gang, was convicted for shooting ten-year-old Keith Davis multiple times on the evening of April 11, 1996. Cyrus, who is approximately five feet six inches tall and had short hair on the night in question, was accompanied by Dewayne Johnson, a "friend" of the Folks Gang, at the time of the shooting.[1] Johnson is approximately five feet eleven inches tall, and his hair was braided at the time of the shooting. Johnson testified that, upon going out that evening, Cyrus said, "let's go make the news," and that Cyrus shot Davis soon thereafter. Two witnesses to the shooting testified that the shooter fit Cyrus' description. One such eyewitness, Davis' father, testified that he saw two black men at the time of the incident, and that the gun was being fired by the shorter man. In addition, the handgun used to shoot Davis was found in Cyrus' bedroom. Although other evidence was presented contradicting the conclusion that Cyrus committed the crime, "the credibility of witnesses is a question for the jury, and the evidence adduced by the State, which obviously was believed by the jurors, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that [Cyrus was] guilty of the offenses charged." (Citation omitted.) *Roker v. State*, 262 Ga. 220, 221 (1) (416 SE2d 281) (1992).

2. In his second enumeration of error, Cyrus contends that the trial court abused its discretion by denying his motion in limine and allowing Detective Carl Fletcher to testify regarding gang culture. Specifically, Cyrus contends that such evidence should have been excluded because its prejudicial effect outweighed its probative value. We disagree.

In *Stephan v. State*, 205 Ga. App. 241, 242 (1) (422 SE2d 25) (1992), a case in which evidence of the defendant's participation in satanism and witchcraft was allowed, we held, "the state is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged and we find no error in admitting this evidence even though it may have incidentally placed appellant's character in evidence. The court had the discretion to modify its pretrial ruling when it became apparent the evidence was relevant and material to appellant's motivation for assaulting the witness. Material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue." (Citations and punctuation omitted.) In the case at hand, there was testimony that Cyrus was a member of the Folks Gang, and Johnson indicated that Cyrus wrapped a black bandanna, a gang "sign," around the handgun just before he shot Davis. Therefore, testimony explaining gang culture was material to informing the jury of all circumstances surrounding

---

[1] Johnson pled guilty as a party to the crime prior to Cyrus' trial.

the crime charged, including Cyrus' motivation for shooting Davis. As such, we cannot say that the trial court abused its discretion in admitting this evidence.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998.

*William A. Matos*, for appellant.

*Charles H. Weston, District Attorney, Thomas C. Woody II, Assistant District Attorney*, for appellee.