A98A1329. WARREN v. THE STATE.
(505 SE2d 777)

JOHNSON, Presiding Judge.

Kareem A. Warren appeals his conviction of ten counts of aggravated assault and one count of criminal gang activity. For reasons which follow, we affirm.

Viewed in the light most favorable to support the verdict, the facts show as follows: The aggravated assault counts against Warren arose from drive-by shootings on April 4 and May 6 of 1996. Three victims of the shootings, who all testified that they were gang members, identified Warren as a passenger in the cars during the drive-by shootings. One witness testified that she saw Warren riding in the car and firing a shotgun during the second shooting. A detective from the Macon Police Department gave testimony detailing gang activity in the Macon area. Using photographs admitted into evidence at trial, he interpreted markings on a pair of crutches used by Warren which identified Warren as a member of a gang which has a rivalry with the victims' gang.

A jury convicted Warren on all 11 counts. Warren's appeal consists of four enumerations of error. Because we find that none of his enumerations has merit, we affirm.

1. Warren's first two enumerations challenge the sufficiency of the evidence against him and contend that his conviction was against the weight of the evidence. " 'On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Warren] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.' [Cits.]" *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

(a) Witness testimony established Warren's presence in the cars during the shootings and established that he actually fired a shotgun during the second shooting. This is enough evidence for the jury to convict on the aggravated assault charges. Compare *Roker v. State*,

262 Ga. 220, 221 (1) (416 SE2d 281) (1992).

(b) The gang related activity charge is supported by the detective's testimony that Warren's crutches displayed gang markings and that Warren's gang was a rival of that of the victims.

We hold that sufficient evidence against Warren existed to allow a rational trier of fact to find him guilty of aggravated assault and criminal gang activity beyond a reasonable doubt and that the conviction was not against the weight of the evidence. See *Dunlap v. State*, 202 Ga. App. 493, 494 (414 SE2d 728) (1992). Regarding Warren's fourth enumeration, we find that Warren was not entitled to a directed verdict based on the above holding that sufficient evidence against him existed. *Manning v. State*, 231 Ga. App. 584, 585 (3) (499 SE2d 650) (1998).

2. Warren also enumerates that the trial court erred in denying his motion in limine, which objected to the admission of photographs of Warren's crutches as prejudicial and irrelevant. This Court has recently held that evidence explaining gang culture was "material to informing the jury of all circumstances surrounding the crime charged, including . . . motiv[e]." *Cyrus v. State*, 231 Ga. App. 71, 72 (2) (498 SE2d 554) (1998). Testimony from witnesses involved gang names and affiliations. Moreover, one of the charges against Warren was his involvement in gang activities. The photographs and the detective's testimony explaining them were relevant evidence of Warren's gang activity.

It is well-settled that "[u]nless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citation and punctuation omitted.) *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395) (1990). The trial court did not abuse its discretion in admitting this evidence as the potential for its prejudice did not substantially outweigh the probative value of the gang culture evidence. Neither did the trial court abuse its discretion when it denied Warren's motion in limine.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 30, 1998.

*William D. Phillips*, for appellant.

*Charles H. Weston, District Attorney, Howard Z. Simms, Assistant District Attorney*, for appellee.