A99A0442. SELLEY v. THE STATE.
(514 SE2d 706)

JOHNSON, Chief Judge.

A jury found Sherrum Selley guilty of armed robbery (OCGA § 16-8-41) and theft by bringing stolen property into the state (OCGA § 16-8-9). He appeals from the judgment of conviction entered upon the jury verdicts. We affirm.

Viewed in a light most favorable to support the verdict, the record shows that Selley and his co-defendant drove a car into Georgia after stealing it in Alabama. Selley confessed to the crimes at trial. According to Selley, he and his co-defendant were driving the stolen car to a "chop shop" as part of a gang initiation. When the car broke down in Georgia, Selley and his co-defendant attempted to locate another car to steal. They found a pistol inside the stolen car. Unable to locate a parked, empty car to steal, they decided to use the pistol to rob someone of a car. They identified an automobile to "carjack" as it entered the parking lot of a Days Inn. The driver had gotten out of the car and was "fishing around for something" in the back of the car when Selley and his companion pointed the gun at the victim and demanded the keys to his car. Selley then ordered the victim into the car, but the victim dropped the keys and ran away. The victim testified that he felt threatened by Selley during the armed robbery. Selley admitted he and his co-defendant "jacked" the car, referring to the armed robbery.

1. The trial court did not err by denying Selley's motion in limine to suppress portions of his taped statement to police. Selley claims

the gang references in the taped statement impermissibly impugned his character and were overly prejudicial.

Selley's statement regarding the gang activity helped establish the motive for the crime of bringing the stolen car into Georgia. See *Warren v. State*, 233 Ga. App. 699, 700 (2) (505 SE2d 777) (1998). Selley testified that he came to Georgia in the stolen car as part of "an initiation thing." In addition, some of the gang details in his statement to which Selley objected, e.g., the requirement that a person had to kill somebody to get into the gang, were introduced at trial without objection. The admission of evidence as to which there may be a valid objection is harmless if admissible evidence of the same fact is before the jury. *Richardson v. State*, 233 Ga. App. 233, 237 (3) (504 SE2d 65) (1998). The trial court did not abuse its discretion in admitting this evidence. See *Cyrus v. State*, 231 Ga. App. 71, 72 (2) (498 SE2d 554) (1998).

2. Selley argues that the trial court should have exercised its discretion and severed the offenses of theft by bringing stolen property into the state and armed robbery for trial. We disagree, finding the trial court properly denied Selley's motion to sever the charges.

When a defendant argues for severance based on the trial court's discretion, it is his burden to demonstrate that severance should be granted because of one or more discretionary concerns. *Smith v. State*, 225 Ga. App. 553, 554 (1) (484 SE2d 515) (1997). In rendering its decision, the trial court should consider whether the jury will be able to distinguish the evidence and apply the law intelligently as to each offense, in view of the number of offenses charged and the complexity of the evidence to be offered. *Dingler v. State*, 233 Ga. 462, 463-464 (211 SE2d 752) (1975). Distinct offenses may be joined for trial if they are based (1) on the same conduct, (2) on a series of acts connected together, or (3) on a series of acts constituting part of a single scheme or plan. *Barber v. State*, 176 Ga. App. 103, 104 (2) (335 SE2d 594) (1985).

It is undisputed that the armed robbery occurred because the vehicle involved in the theft by bringing stolen property charge broke down. Evidence regarding the stolen vehicle would have been admissible in the armed robbery trial to establish motive and as part of the res gestae, even if the two charges were tried separately. Even Selley acknowledges that "it is arguably correct that the crime of bringing the stolen vehicle into the state and the armed robbery are such a 'series of acts' connected together or forming a common scheme that the exception in *Dingler* is applicable." Thus, it was not error for the offenses to be tried together. See *Sabree v. State*, 195 Ga. App. 135, 137 (1) (392 SE2d 886) (1990); see generally *Phillips v. State*, 160 Ga. App. 345 (1) (287 SE2d 69) (1981).

3. Selley contends the trial court erred in admitting his custodial

statement because it was not voluntarily given but was given in the hope of receiving a benefit. We disagree.

"When a trial judge holds a suppression hearing and determines the voluntariness of a confession, that determination will be upheld on appeal unless clearly erroneous. [Cit.]" *Leigh v. State*, 223 Ga. App. 726, 727 (1) (478 SE2d 905) (1996). After conducting a hearing under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial judge found that Selley's custodial statement was freely and voluntarily made. At the hearing, Selley testified that the detective told him he would talk to the prosecutor and see if he could get Selley a good deal if Selley cooperated. No promises were made, and Selley signed the waiver form indicating that his statement was made without promises or threats. "Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the 'hope of benefit' sufficient to render a statement inadmissible under OCGA § 24-3-50." (Citation and punctuation omitted.) *Lawrence v. State*, 227 Ga. App. 70, 73 (5) (487 SE2d 608) (1997). The trial court's finding that Selley's confession was made freely and voluntarily was not clearly erroneous. See *Leigh*, supra; *Lyles v. State*, 221 Ga. App. 560, 561 (1) (472 SE2d 132) (1996).

4. According to Selley, the trial judge's questions at the end of the victim's testimony constituted an improper comment on the evidence. However, Selley never objected to the trial judge's questions and never moved for a mistrial. Thus, this issue is not preserved for appeal. *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996); *Walker v. State*, 258 Ga. 443, 444 (3) (a) (370 SE2d 149) (1988).

5. The trial court properly allowed the jury to hear Selley's taped confession again during deliberation. "The replaying of evidence which the jury asked to hear is within the discretion of the trial court. [Cits.]" *Brooks v. State*, 231 Ga. App. 561, 564 (4) (500 SE2d 11) (1998).

6. Selley asserts there was a fatal variance between the indictment count charging him with theft by bringing stolen property into the state and the evidence adduced at trial. OCGA § 16-8-9 provides that a defendant is guilty of theft by bringing stolen property into the state if he brings into this state property which he knows or should have known was stolen in another state. Count 2 of the indictment charges Selley as follows:

And the Jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse the said SHERRUM PERU SELLEY and [his co-defendant] with the offense of THEFT BY BRINGING STOLEN PROPERTY INTO THE STATE (16-8-9); for that the said SHERRUM PERU SELLEY and [his co-defendant] in the County of

50

Troup and the State of Georgia, on or about February 6, 1995, did then and there unlawfully receive, dispose of and retain stolen property, to wit: one Black Grand Am automobile bearing Alabama tag number 3AFV617, the property of [another], which they knew and should have known said property was stolen without the intent to restore said property to said owner, contrary to the laws of said State, the good order, peace and dignity thereof.

According to Selley, the indictment is cast in the language of the theft by receiving statute (OCGA § 16-8-7), and the proof at trial did not show that he "received" stolen property in Troup County. Clearly, the language of this charge could have been more artfully crafted. And if the wording at issue had merely described a theft by receiving charge, Selley's argument may have merit. However, the language in this count of the indictment, while describing a theft by receiving charge, specifically charged Selley with the offense of theft by bringing stolen property into the state and specifically cited Code section 16-8-9, the statute defining the offense of theft by bringing stolen property into the state. Thus, there was an alleged variance between the offense named, the Code section cited, and the allegations specified in the indictment. Such a variance requires Selley to object to the form of the indictment prior to trial, which Selley failed to do.

An alleged variance between the offense as named or the Code section cited and the allegations specified in the indictment goes only to the form of the indictment. Where the accused desires to take exception to the form of an indictment, it is essential that he should do so by a demurrer or motion to quash, made in writing and before entering a pleading to the merits.

(Citations and punctuation omitted.) *Bentley v. State*, 210 Ga. App. 862 (1) (438 SE2d 110) (1993); see also *Phillips v. State*, 215 Ga. App. 526 (2) (451 SE2d 517) (1994). Since the record does not show that Selley objected to the form of the indictment in a timely, written pretrial motion, he waived any exception to the form of the indictment. OCGA §§ 17-7-111; 17-7-113; *Mullinax v. State*, 231 Ga. App. 534 (1) (499 SE2d 903) (1998); *Bentley*, supra.

In *Mullinax*, the accusation charged the defendant with a different crime from the cited Code section. Mullinax asserted that the trial court erred in denying his motion for plea in abatement because the evidence did not show he violated the Code section cited in the accusation. We held that Mullinax failed to properly preserve the issue by waiving any objections to the form of the accusation. Id.

A defendant cannot proceed to trial on an objectionable indictment or accusation, receive a guilty verdict, and then argue the state's proof did not meet the allegations contained in the objectionable indictment or accusation. He must object to the form of the indictment in a timely, written pretrial motion. Thus, the issue was not preserved for appeal.

7. The evidence was sufficient to support Selley's conviction of armed robbery. Not only did Selley's co-defendant testify regarding Selley's involvement in the armed robbery, but Selley admitted in his taped confession that "we jacked" the motor vehicle from the victim. In addition, the victim testified that both Selley and his co-defendant were present during the armed robbery and that he felt threatened by both of them. Viewed in a light most favorable to support the jury's verdict, the evidence was sufficient for a rational trier of fact to find Selley guilty beyond a reasonable doubt of armed robbery. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Earl v. State*, 214 Ga. App. 891 (1) (449 SE2d 361) (1994).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MARCH 16, 1999.

*Law Offices of Ellis C. Smith, James C. Thornton*, for appellant. *Peter J. Skandalakis, District Attorney*, for appellee.