## S99A1000. LINDSEY v. THE STATE.
(522 SE2d 459)

HUNSTEIN, Justice.

Appellant Lorenzo Dexter Lindsey was convicted of malice murder, felony murder, aggravated assault, criminal damage to property and possession of a firearm during the commission of a crime arising from the shooting death of Rosa Barnes and wounding of Walter Thomas.[1] Lindsey appeals from his convictions and we reverse.

---

1. In his first enumeration of error, Lindsey contends the State presented insufficient circumstantial evidence to sustain his convictions. To warrant a conviction on circumstantial evidence, the evidence must exclude every other reasonable hypothesis save the guilt of the accused. OCGA § 24-4-6. Whether the evidence excludes every other reasonable hypothesis except that of guilt is a jury question. *White v. State*, 263 Ga. 94, 97 (1) (428 SE2d 789) (1993).

The evidence presented at trial was sufficient to sustain Lindsey's convictions. Witnesses observed three assailants in a white box-shaped car drive by and fire multiple gunshots into the residence of Rosa Barnes. Barnes was struck in the chest and killed; Walter Thomas, who was outside the house, was wounded. Co-defendant Terry Holmes provided a statement to police in which he stated that on the night of the crimes he, Lindsey, and co-defendant Theodore Allen were driving around in a white Toronado. While driving, Lindsey mentioned they were going to commit a drive-by shooting. Later, they stopped at a gas station where Holmes exited the car because he was too intoxicated to drive. Holmes told police a third individual then got in the driver's seat and the three men drove away. A few minutes later, they returned and told Holmes to move the car to the railroad tracks. A gas can was in the car when Holmes got in. Holmes got the car stuck near the railroad tracks and abandoned it there. Other witnesses corroborated the fact that Holmes had been driving a white Toronado and that there was a gas can in the back of the car.

Lavert Allen, co-defendant Allen's uncle, testified that Lindsey called him at 2:00 a.m. on July 11, 1997 to help pull a stuck car. Lavert Allen further stated that he used his truck to pull out a white Riviera or Toronado, the pulling bent the car's rear bumper, and Lindsey and co-defendant Allen were present while the car was being pulled out. Later, a railroad employee saw a white car with two people inside and a bumper dragging off the back come over the railroad crossing. Approximately 30 minutes later, he noticed the car was on fire. A witness who saw the white Toronado just before the gunfire began identified the burned car as the one he saw on the night of the shooting. Crime scene technicians found a cartridge casing in the burned car which appeared to be the same type as used to shoot Barnes and Thomas. Viewed in the light most favorable to the verdict, we find the evidence was sufficient to convict Lindsey of the

found guilty of all counts. On November 4, 1997, he was sentenced to life imprisonment for malice murder, a consecutive twenty-year sentence for the aggravated assault count, a concurrent ten-year sentence for the criminal damage count and a consecutive five-year sentence for the possession count. Lindsey filed a motion for new trial on November 11, 1997 and an amended motion for new trial on November 11, 1998. His new trial motion was denied on December 8, 1998. A notice of appeal was filed on January 6, 1999. The appeal was docketed in this Court on April 6, 1999 and orally argued on September 13, 1999.

crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lindsey contends the trial court erred in admitting over objection the hearsay testimony of Darrell Moore in which he stated that after the shooting and while he was talking to police officers investigating the crimes, he heard a member of the crowd which had gathered around the victim's residence yell at him to tell the police that Lindsey was the shooter. Under OCGA § 24-3-1 (b), hearsay evidence is admissible only in specified cases of necessity or when it meets the requirements of one of the statutory exceptions to the hearsay rule. See OCGA § 24-3-1 et seq. Here, the State has failed to demonstrate that the anonymous statement was admissible as an excited utterance, see OCGA § 24-3-3, or as a recognized exception to the hearsay rule. OCGA § 24-3-1. We reject the State's argument that Lindsey "opened the door" to the admission of otherwise inadmissible hearsay testimony. In this case, the inadmissible hearsay evidence was so incriminating and not cumulative of other admissible evidence that we cannot say it is highly probable the illegal evidence did not contribute to the verdict. Compare *Teague v. State*, 252 Ga. 534 (2) (314 SE2d 910) (1984). Accordingly, we must reverse Lindsey's convictions.

3. As our holding in Division 2 requires reversal and we find that Lindsey raises no other error likely to recur on retrial, we do not consider the remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 15, 1999.

*Joseph R. Neal, Jr.,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Michael S. Carlson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.