## A00A1574. WARREN v. THE STATE.
(538 SE2d 840)

RUFFIN, Judge.

A Bibb County jury found Carlos Warren guilty of five counts of aggravated assault and one count of participation in gang activity in connection with the drive-by shooting of a house on May 6, 1996.[1] On appeal, Warren asserts that the evidence was insufficient to support his convictions and that the trial court erred by failing to hold an evidentiary hearing on his motion for a continuance due to pretrial publicity. Because the evidence was sufficient and the trial court did not err, we affirm.

1. Initially, we note that the relevant background facts are set forth in *Warren v. State*,[2] in which we affirmed the conviction of Carlos Warren's brother and co-defendant, Kareem Warren. We need not repeat those facts here.

(a) Warren contends that several of the victims of the drive-by shooting were unable to identify him as one of the occupants of the car in question. However, two of the victims testified that they saw Warren, along with his brother and a third person, in the car no more than fifteen minutes before the shooting and that Warren had a gun in his hand. One of the victims heard a pistol cock after he "exchanged a few words" with Warren. Another victim told police that she saw Warren in the car immediately before the shooting. Finally, two of the victims testified that Warren apologized to them after the incident, saying that the shooting was meant for someone else. Even though there was no evidence as to which of the occupants of the car actually fired the shots, the evidence was sufficient to tie Warren to the drive-by shooting, either as the shooter or as a party to the crime.[3] Although Warren argues that the victims' testimony is not believable because they were admitted gang members, the credibility of witnesses is a matter for the jury.[4]

(b) Warren also contends that the evidence was insufficient to support his conviction of participation in gang activity because there

---

[1] The jury acquitted Warren of five additional counts of aggravated assault stemming from a drive-by shooting that took place on April 4, 1996.

[2] 233 Ga. App. 699 (505 SE2d 777) (1998).

[3] See id. at 699 (1) (a); *Haynes v. State*, 199 Ga. App. 288, 289 (1) (404 SE2d 585) (1991); *Lindsey v. State*, 271 Ga. 657, 658 (1) (522 SE2d 459) (1999).

[4] *Roker v. State*, 262 Ga. 220, 221 (1) (416 SE2d 281) (1992).

was no evidence that he was a member of a gang. But former OCGA § 16-15-4 (b) (1), under which Warren was charged and which was applicable at the time, did not require the State to prove that Warren was a member of a gang. Rather, the State had to show that Warren committed a felony "for the benefit of, at the direction of, or in association with any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members."[5] The record shows that the State met that burden here.

The State's theory of the case was that the May 6 drive-by shooting was an attempt at revenge by members of one gang against a member of a rival gang. The evidence showed that the victims were members of Folks Nation, a street gang. Macon Police Officer Karl Fletcher testified that Kareem Warren was a member of the Bloomfield Gangster Crips, a rival gang. One of the victims of the May 6 shooting testified that he knew "there was a problem" between Kareem Warren and another Folks Nation member who was not present at the house that day. Three of the victims testified that, about a month before the May 6 drive-by shooting, they and other Folks Nation members were walking to a basketball court when a car belonging to Carlos Warren drove by. Someone — identified by one of the victims as Kareem Warren — shot at the group from inside the car. A bystander found a blue bandanna — which, according to Officer Fletcher, is a symbol of the Bloomfield Gangster Crips — at the scene of that shooting.[6] Finally, two of the victims testified that Carlos Warren apologized to them after the May 6 shooting and said that it was meant for someone else. Thus, there was sufficient evidence for the jury to conclude that Carlos Warren committed the aggravated assaults in connection with his brother, a gang member, to promote, further, or assist gang activity.

2. Warren argues that the trial court violated his due process rights by refusing to grant an evidentiary hearing on his motion for a continuance due to pretrial publicity. To obtain a continuance or change of venue due to pretrial publicity, the defendant must show either that the setting of the trial is inherently prejudicial or that the jury selection process showed actual prejudice that rendered a fair trial impossible.[7] Whether to grant such a motion is within the sound discretion of the trial court.[8]

Counsel for Kareem Warren argued the motion for continuance

---

[5] Former OCGA § 16-15-4 (b) (1); *Jackson v. State*, 272 Ga. 191, 193 (1) (528 SE2d 232) (2000).

[6] Carlos Warren was charged with aggravated assault in connection with this incident as well, but was acquitted of those charges.

[7] *Moore v. State*, 224 Ga. App. 797, 799 (3) (481 SE2d 892) (1997).

[8] *Davis v. State*, 232 Ga. App. 882, 884 (2) (502 SE2d 779) (1998).

on behalf of all defendants prior to jury selection. Counsel argued that recent articles in the local paper would make it very difficult to impanel an impartial jury. Counsel did not request an evidentiary hearing. The trial court denied the motion at that time, stating, "The test is to try to impanel an impartial jury and if you can't do so, then a continuance may be warranted." A full panel of jurors was then chosen. Counsel for all defendants specifically stated that they had no objection to the impaneling of the jurors, and counsel did not renew their motion for continuance. Before trial, the trial court instructed the jurors to ignore any media coverage of the case.

Under these circumstances, the trial court did not abuse its discretion by denying the motion for continuance or by failing to hold an evidentiary hearing. The mere existence of newspaper stories about a case does not render the trial setting inherently prejudicial.[9] And, as the jury selection was not transcribed, there is no evidence in the record that the jurors were actually prejudiced by the newspaper articles in question, or even that they had read them. Moreover, counsel were able to agree on a panel of jurors and raised no objections concerning their impartiality.[10]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 31, 2000.

*Nicholas E. White*, for appellant.

*Charles H. Weston, District Attorney, Myra Y. Christian, Howard Z. Simms, Assistant District Attorneys*, for appellee.

---

[9] See, e.g., *Cromartie v. State*, 270 Ga. 780, 784 (9) (a) (514 SE2d 205) (1999).

[10] See *Deal v. State*, 233 Ga. App. 79, 81 (4) (503 SE2d 288) (1998) (where trial court "was able to seat a full panel of jurors untainted by pretrial publicity," there was no showing of actual prejudice).