A11A0021. IN THE INTEREST OF D. M., a child.
(706 SE2d 683)

MCFADDEN, Judge.

A delinquency petition was filed in the Juvenile Court of DeKalb County, accusing 14-year-old D. M. of committing acts which, if committed by an adult, would constitute two counts of aggravated assault with a deadly weapon, and one count each of criminal street gang activity, possession of a handgun by a minor, possession of a firearm during the commission of a crime, and carrying a pistol without a license. After a hearing, the juvenile court adjudicated D. M. delinquent for all of the alleged offenses and entered a designated felony order, committing him to the Department of Juvenile Justice for 60 months, 48 of those months to be served in restrictive custody.

D. M. appeals, challenging the sufficiency of the evidence supporting the adjudication as to criminal street gang activity, the juvenile court's failure to merge two of the weapons offenses, and the effectiveness of his counsel. Contrary to D. M.'s claims, there is sufficient evidence to support the criminal gang activity adjudication. The weapons offenses do not merge, because each requires proof of a fact that the other does not. As to ineffective assistance, we remand the case to the juvenile court for a hearing, as this appeal was D. M.'s first opportunity to raise that claim.

1. In reviewing an adjudication of delinquency, this court construes the evidence and all reasonable inferences therefrom "in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged." (Citation and punctuation omitted.) *In the Interest of C. R.*, 294 Ga. App. 164 (669 SE2d 193) (2008). So construed, the evidence shows that on June 24, 2009, D. M., his older brother D. T., and at least one other young man traveled by car to an apartment complex and came upon Deshaun Hooker and Hooker's brother. D. M. and the others got out of the car, each of them wearing a black bandana around his neck or face, and began firing gunshots at Hooker and his brother. According to Hooker, both D. M. and D. T. had the reputation of being members of the Gangster Disciples gang. A police detective, who was qualified as an expert in gang investigations, also testified that D. M. and D. T. were known members of the Gangster Disciples, and that D. M. had previously admitted to him that he was a member of that gang. The detective further testified that a black bandana is attire associated

with the Gangster Disciples and that wearing such a bandana during a shooting is particularly significant because it "proclaim[s] to the world that they are a member and that this is a gang act[.]"

OCGA § 16-15-4 (a) makes it "unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of any offense enumerated in paragraph (1) of Code Section 16-15-3." Those enumerated offenses include any crime "that involves violence, possession of a weapon, or use of a weapon. . . ." OCGA § 16-15-3 (1) (J). An isolated offense by a member does not necessarily establish criminal gang activity. *Rodriguez v. State*, 284 Ga. 803, 808 (2) (671 SE2d 497) (2009). There must be "a specific intent to further [the gang's] criminal purposes. [Cits.]" Id. at 807 (1). "[A] conviction under OCGA § 16-15-4 (a) requires that there 'be some nexus between the enumerated act and an intent to further street gang activity.' [Cit.]" (Punctuation omitted.) *In the Interest of C. P.*, 296 Ga. App. 572, 575 (675 SE2d 287) (2009).

D. M. argues that the state failed to show that he is a member of a gang or that there is a nexus between the shooting and an intent to further street gang activity. But the evidence recounted above, including D. M.'s admission that he is a member of the Gangster Disciples and the expert testimony that wearing the black bandana was a proclamation that the shooting was a gang act, established that D. M. is a gang member and that there is a nexus between the shooting and an intent to further gang activity. Accordingly, "[t]his evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support [D. M.'s] adjudication of delinquency for participation in criminal street gang activity. . . . [Cit.]" *In the Interest of X. W.*, 301 Ga. App. 625, 629-630 (3) (688 SE2d 646) (2009). See also *In the Interest of C. P.*, supra at 575-576 (sufficient evidence where juvenile wore gang colors, admitted gang membership, and officers opined based on training and experience that alleged acts were committed to further gang activity); *Warren v. State*, 245 Ga. App. 768, 769 (1) (b) (538 SE2d 840) (2000) (sufficient evidence that drive-by shooting was gang activity included officer testimony that blue bandana found at crime scene was a gang symbol).

2. D. M. contends that the disposition for carrying a pistol without a license is void because it was proved by the same facts that established, and is a lesser included offense of, possession of a handgun by a minor. In determining whether one crime is included in another, we apply the required evidence test. *Drinkard v. Walker*, 281 Ga. 211, 212-214 (636 SE2d 530) (2006); *Taylor v. State*, 304 Ga. App. 395, 397 (1) (696 SE2d 686) (2010).

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. As this court [previously] stated . . . , a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

(Punctuation and footnotes omitted.) *Drinkard*, supra at 215.

Contrary to D. M.'s contention, the statutes defining the offenses of carrying a pistol without a license and possession of a handgun by a minor each required proof of at least one fact that the other did not. Among other things, the applicable version of OCGA § 16-11-128 (a) required proof that a person carried a pistol or revolver outside his home, motor vehicle or business without having a valid license on his person, whereas OCGA § 16-11-132 (b) required proof that a person under the age of 18 had possession or control of a handgun. Because proof of the fact that D. M. was under the age of 18 was not required to establish a violation of OCGA § 16-11-128, and proof of the facts that D. M. carried a pistol outside his home, vehicle or business without a license were not necessary to show a violation of OCGA § 16-11-132, the offenses did not merge, and D. M. was not exempt from adjudication and punishment for each offense. See generally *Blanch v. State*, 306 Ga. App. 631, 635 (4) (703 SE2d 48) (2010) (no merger where each offense required proof of a fact not required to establish the other).

3. D. M. asks that we remand the case to the trial court for an evidentiary hearing on his claim of ineffective assistance of counsel, and the state agrees that the case should be remanded because this appeal presented the first opportunity for the issue to be raised by appellate counsel. "Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, our appellate courts remand the case to the trial court for an evidentiary hearing on the issue." (Citation and punctuation omitted.) *Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009). Accordingly, we remand the case to the juvenile court for a hearing and ruling on the issue of ineffective assistance of counsel. See *Acey v. State*, 281 Ga. App. 197, 203 (4) (635 SE2d 814) (2006).

*Judgment affirmed and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 2011.

*Ford & Harrison, Joshua R. Drexler, Stephen M. Reba*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Elisabeth G. MacNamara, Sherá C. Grant, Assistant District Attorneys*, for appellee.