**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**July 11, 2012**

# In the Court of Appeals of Georgia

A12A0005. IN THE INTEREST OF A. G., a child.

A12A0011. IN THE INTEREST OF A. M., a child.

A12A0012. IN THE INTEREST OF S. W., a child.

A12A0013. IN THE INTEREST OF D. R., a child.

MIKELL, Presiding Judge.

Following a bench trial for the charges of battery and violating the Georgia Street Gang Terrorism and Prevention Act,[1] A. G., A. M., S. W., and D. R. (the "juveniles") appeal their adjudication of delinquency, contending that the evidence was insufficient to support the verdict against them and that the trial court erroneously based its findings on evidence not properly in the record before it. These cases have been consolidated on appeal. For the reasons set forth, we reverse.

---

[1] OCGA § 16-15-1 et seq.

In reviewing an adjudication of delinquency, this court construes the evidence and all reasonable inferences therefrom "in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged."[2] In reviewing such cases, we neither weigh the evidence nor determine witness credibility.[3]

So construed, the record shows that following a pep rally in the Tattnall County High School gymnasium, T. W., a student, was surrounded by four other students, A. M., S. W., D. R., and A. G., who took turns striking him around his head. Sergeant Jones, an officer on duty at the school, searched all four students within an hour and a half after the incident. A notebook was found on A. M. that had "G-ville 912" written on the outside cover. A. M. testified that the writing was not gang-related and was short for his town, Glenville, and its zipcode. However, Jones, who was certified by the trial court as an expert on gangs, testified that "G-ville 912" was written in a style associated with gangs. A bandana with a currency print was found on A. G. and purple bandanas were found on S. W. and D. R. Jones concluded that the bandanas

---

[2] (Citations and punctuation omitted.) *In the Interest of J. M.*, 237 Ga. App. 298 (1) (513 SE2d 742) (1999); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *In the Interest of G. J.*, 251 Ga. App. 299, 301 (554 SE2d 269) (2001).

were gang-related because of the particular way they were folded and instructed the court that the different patterns could identify member rankings within a gang. However, Jones also noted that he had not seen purple bandanas identifying with gang membership at the school before, and that bandanas signifying gang membership at the school "are normally red, white, or black.". Additionally, Jones testified that he did not know the current name of any gang within the school or its members because they change names so often.

None of the juveniles challenge their adjudication of the predicate offense - battery. Rather, they contend that the State failed to show that they were associated with an organization that fits the definition of "criminal street gang." All four juveniles were charged with violating OCGA § 16-15-4 (a), which makes it unlawful for persons associated with a "criminal street gang" to engage in "criminal gang activity" by committing certain enumerated predicate offenses, including battery.[4] A "[c]riminal street gang" is defined as a "group of three or more persons associated in fact, whether formal or informal, which engages in criminal gang activity."[5]

---

[4] OCGA §16-15-3 (1) (j).

[5] OCGA § 16-15-3 (2).

The statute clearly contemplates that the existence of such an organization, and that its members are "associated in fact," "may be established by evidence of a common name or common identifying signs, symbols, tattoos, graffiti, attire, or other distinguishing characteristics."[6] However, such evidence, without more, is insufficient to prove that the juveniles are members of a criminal street gang.[7]

The only evidence presented by the state that the four juveniles in this case are members of a criminal street gang was the testimony from Sergeant Jones that the three bandanas found on A. G., S. W., and D. R. were indicia of gang membership and that the writing on A. M.'s notebook was written in a style associated with gangs. Giving credence to Sergeant Jones' testimony, as we must,[8] this evidence is insufficient to prove beyond a reasonable doubt that the four juveniles were members of a criminal street gang. Every case by this Court affirming convictions under OCGA § 16-15-13 (2) has included more than merely a single common identifying sign to

[6] Id. Accord *In the Interest of X. W.*, 301 Ga. App. 625, 627-628 (2) (688 SE2d 646) (2009).

[7] *Rodriguez v. State*, 284 Ga. 803, 808 (2) (671 SE2d 497) (2009).

[8] The trial judge, as trier of fact, clearly chose to believe Sergeant Jones' explanation behind the bandanas and notebook drawing, and "it is not our function to second-guess the factfinder on such questions of credibility." *In the Interest of J. M.*, supra at 300 (1).

4

prove a defendant's membership in a criminal street gang. In *In the Interest of C. P.*,[9] a juvenile defendant was found to be part of a criminal street gang based upon officer testimony that C. P. was wearing colors associated with the Bloodz gang and that the pieces of paper he was carrying depicted symbols and codes associated with the Bloodz and the 55 Mafia. In addition, C. P. admitted to being a gang member and that the scars on his hands were a result of removing a gang tattoo. In *In re X. W.*,[10] the juvenile defendant was found to be a member of a criminal street gang based upon evidence that he had several copies of the Bloodz's "Book of Knowledge" in his possession, that he instigated a fight with a rival gang to help an uninitiated classmate join the gang, and that he had gang graffiti written on his desk. In *In the Interest of D. M.*,[11] evidence of membership in a criminal street gang included wearing a black bandana, a color associated with a particular gang, during a drive-by shooting and the juvenile's admission to a detective that he was a member of that gang. In *In the*

---

[9] 296 Ga. App. 572, 574-575 (675 SE2d 287) (2009).

[10] Supra. at 629 (2).

[11] 307 Ga. App. 751-752 (1) (706 SE2d 683) (2011).

5

*Interest of A. D.*,[12] the investigating detective "easily established" that both juveniles were members of related gangs because they admitted that they were members, both had tattoos associated with their gangs, and the detective had previously "documented" the juveniles as being gang members. In *Lopez v. State*,[13] sufficient evidence to support a conviction included witness testimony, including that from a former gang member, and numerous photographs showing that defendant was a member of a gang.

Here, there was no evidence beyond the bandanas and a notebook to link the juveniles to membership in a criminal street gang. Sergeant Jones did not describe the "G-Ville" gang or testify about any of their activities, let alone their involvement in any criminal activities. To be a member of a "criminal street gang," the group or organization must be "engage[d] in criminal gang activity as defined in paragraph (1)" of OCGA § 16-15-3. To sustain a conviction, the state must prove that the criminal gang activity or plans for its continuation was ongoing at the time of the commission of the indicted offenses; "in other words, the commission of an

---

[12] 311 Ga. App. 384, 385 (715 SE2d 787) (2011) (although the juveniles were found to be gang members, their convictions were reversed because the state did not prove that they were engaged in criminal gang activity).

[13] 297 Ga. App. 618, 622-623 (2) (677 SE2d 776) (2009).

6

enumerated offense by the defendant is not itself sufficient to prove the existence of a 'criminal street gang'"[14] Our Supreme Court has held that to hold otherwise, "the nonsensical result would be that a member of any legitimate group could violate the Act merely by committing an enumerated offense."[15] Accordingly, the battery committed in this case cannot serve as sufficient proof of the necessary gang activity.

Because the state failed to establish that a "criminal street gang" was involved in the battery, we need not address appellant's remaining enumerations: that the state failed to establish a nexus between the battery and an intent to further street gang activity, that the trial court relied upon impermissible hearsay evidence, and that the trial court considered evidence that was never introduced in the record in the final orders. The judgments on the counts charging criminal street gang activity are reversed in all four cases.

*Judgment reversed. Miller and Blackwell, JJ., concur.*

---

[14] (Punctuation omitted.) *Morey v. State*, 312 Ga. App. 678, 684 (1) (b) (719 SE2d 504) (2011), citing *Rodriguez*, supra.; Accord *In re A. D.*, supra. (although the state proved that the juvenile defendants were members of criminal street gangs, their convictions were reversed because the state failed to establish that a criminal street gang was involved in the battery).

[15] *Rodriguez*, supra.